# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-275V
### Filed: January 17, 2018
UNPUBLISHED

| | |
|---|---|
| PAUL GOODMAN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 27, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of influenza ("flu") and pneumococcal conjugate vaccines on March 21, 2016.. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On January 16, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $80,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $80,000.00 in the form of a check payable to petitioner, Paul Goodman.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
*****************************************
PAUL GOODMAN,                         *
                                      *
                  Petitioner,         *        No. 17-275V
                                      *
v.                                    *        CHIEF SPECIAL MASTER
                                      *        NORA BETH DORSEY
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                  Respondent.         *
*****************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Items of Compensation

The Court issued a Ruling on Entitlement on November 14, 2017.  Based upon the

evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which

represents compensation for past and future pain and suffering.  This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]

Petitioner agrees.

### II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that petitioner be awarded a lump sum payment of $80,000.00 in the

form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

---

[1]    Should petitioner die prior to the entry of judgment, the parties reserve the right to move
the Court for appropriate relief.  In particular, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering.

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:  (202) 616-4181

Dated:  January 16, 2018